UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY LYNN ROSE, Individually, and as Executor for the ESTATE OF JASON MICHAEL SEYMOUR,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY SERVICES GROUP, INC., THE MORGAN STANLEY HEALTH BENEFITS INSURANCE PLAN, MORGAN STANLEY DOMESTIC HOLDINGS, LLC; THE MORGAN STANLEY BENEFIT PLAN CLAIMS COMMITTEE, and UNITED HEALTHCARE,<br><br>Defendants. | Case No. ____________<br><br>**COMPLAINT** |

Plaintiff, Kelly Lynn Rose, Individually and as Executor of the Estate of Jason Michael Seymour ("Plaintiff"), by and through the undersigned counsel, as and for her Complaint against Defendants, Morgan Stanley Services Group, Inc., the Morgan Stanley Health Benefits and Insurance Plan, Morgan Stanley Domestic Holdings, LLC, the Morgan Stanley Benefit Plan Claims Committee, and United Healthcare (collectively "Defendants"), hereby alleges as follows:

## NATURE OF ACTION

1. This is an action involving claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

3. Venue is proper in this District pursuant to terms of the Plan.

## THE PARTIES

4. Plaintiff Kelly Lynn Rose ("Rose") is an individual who currently resides in Playa Del Ray, California.

5. Defendant Morgan Stanley Services Group, Inc., ("MSG") is an entity operating and existing under the laws of Delaware with its principal place of business at 1585 Broadway, Manhattan, New York, 10036-8293 and is the Plan Sponsor and/or fiduciary for the Morgan Stanley Health Benefits and Insurance Plan.

6. Defendant Morgan Stanley Health Benefits and Insurance Plan (the "Plan"), created and maintained by MSG, is an ERISA plan as defined in 29 U.S.C. § 1002(1). It may be served with process at 1585 Broadway, Manhattan, New York, 10036-8293.

7. Defendant Morgan Stanley Domestic Holdings, LLC ("MSDH") is an entity operating and existing under the laws of Delaware with its principal place of business at 1585 Broadway, Manhattan, New York, 10036-8293 and is a Plan Sponsor and/or Plan fiduciary for the Morgan Stanley Health Benefits and Insurance Plan.

8. Defendant Morgan Stanley Benefit Plan Claims Committee is the claim and appeal reviewer for the Plan and is a fiduciary. It may be served with process at 1585 Broadway, Manhattan, New York, 10036-8293.

9. Defendant UnitedHealthcare ("UHC") is the claims administrator named in the Plan's Summary Plan Description ("SPD") and can be served at 450 Columbus Blvd., Hartford, CT 06103.

## FACTS RELEVANT TO ALL CLAIMS

9. Jason Michael Seymour, deceased, ("Seymour") became employed by MSG and/or MSDH in August 2016. Soon after becoming employed at MSG and/or MSDH, Seymour was given the opportunity to participate in the Plan.

10. Seymour enrolled in the Plan and was a participant in the Plan until his death on February 8, 2024.

11. Rose was also a participant in the Plan Seymour's dependent.

12. Seymour was approved for short-term disability (STD) benefits from May 12, 2023, through July 23, 2023, after which STD was denied effective July 24, 2023. As a result, Seymour was placed on unpaid leave beginning July 24, 2023.

13. Seymour subsequently appealed the denial of STD benefits, and during the pendency of that appeal, he was placed on paid personal leave as of August 25, 2023, and benefit premium deductions were made from his compensation totaling $2,197.80.

14. Seymour's STD appeal was subsequently denied and Seymour's status was changed to unpaid leave status retroactive for the period of July 24, 2023, through November 12, 2023, and his paid premiums of $2,197.80 were refunded to him through his November 15, 2023, payroll deposit.

15. Seymour returned to work on November 13, 2023, and was terminated that same day. However, he remained on payroll through January 31, 2024.

16. As a result of Seymour's status being changed to unpaid leave, UHC triggered direct bill pay requirement for Seymour's coverage. However, no direct bill payments were made and Seymour's coverage lapsed for nonpayment.

17. MSG and/or MSDH ultimately waived the payment of the premium and directed UHC to reinstate coverage retroactively for the direct bill pay period.

18. Certain medical claims that were presented to UHC for payment during the direct bill pay period were initially denied. However, once MSG and/or MSDH directed the reinstatement of coverage, those claims should have been reprocessed and paid according to the terms of the Plan.

19. The relevant time period is for medical claims incurred July 24, 2023, through November 12, 2023.

20. After Seymour's passing, Rose was duly appointed as executor of his estate.

21. As a result of UHC's failure to correctly reprocess medical expenses incurred during the direct bill pay period, medical providers have demanded payment directly from Rose.

22. The total amount of medical claims outstanding for which UHC is responsible to pay is approximately $133,344.54.

23. The Plan's SPD provides a shortened statute of limitations period – three years from the date of service for the disputed claim(s). Therefore, time is of the essence in filing this lawsuit because some of Plaintiff's unpaid claims date back to August 2023. Therefore, Plaintiff did not have sufficient time in which to exhaust administrative remedies.

## CAUSES OF ACTION

## COUNT I

## CLAIM FOR BENEFITS UNDER THE TERMS OF THE PLAN ARISING UNDER 29 U.S.C. §1132(a)(1)(B); ERISA 502(a)(1)(B) AGAINST ALL DEFENDANTS

24. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

25. 29 U.S.C. § 1132(a)(1)(B) provides a plan beneficiary with a civil action to recover benefits due under the terms of a plan; to enforce his rights under the terms of the plan; or to clarify his rights to future benefits under the terms of the plan.

26. The Plan is an employee welfare benefit plan governed by ERISA.

27. Plaintiff is a beneficiary of the Plan and is entitled, under the plain terms of the Plan, to the payment of benefits thereunder.

28. Plaintiff has been improperly denied the benefits promised to her under the Plan.

29. Defendants' refusal to administer the Plan in accordance with the Plan's terms and to pay benefits thereunder constitutes a breach of the terms of the Plan.

30. Plaintiff is entitled to recover the benefits promised and due to her under the terms of the Plan.

**COUNT II**

**CLAIM FOR EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(a)(3); ERISA § 502(a)(3) FOR BREACHES OF FIDUCIARY DUTIES UNDER 29 U.S.C. § 1104; ERISA § 404(a)(1)**

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. ERISA provides:

> A fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –
>
> (A) for the exclusive purpose of:
> (i) providing benefits to participants and their beneficiaries; and
> (ii) defraying reasonable expenses of administering the plan;
>
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters with use in the conduct of an enterprise of a like character and with like aims.

29 U.S.C. § 1104(a)(1); ERISA § 404(a)(1).

33. Pursuant to ERISA, MSG, MSDH, and the Morgan Stanley Benefit Plan Claims Committee are fiduciaries of the Plan as plan sponsor, the plan administrator and having discretionary authority regarding the management of the Plan; UHC is a fiduciary of the Plan as claims administrator for the Plan.

34. MSG, MSDH, and the Morgan Stanley Benefit Plan Claims Committee have violated their fiduciary duties by failing and refusing to administer the Plan in accordance with its terms.

35. UHC has violated its fiduciary duties by failing to reprocess Plaintiff's outstanding medical bills which are due and owing to be paid on Plaintiff's behalf.

36. All Defendants have violated their fiduciary duties by failing to use the requisite "care, skill, prudence and diligence" to fulfill their obligations in administering the plan and in processing and paying claims timely and accurately. As a result, Plaintiff has suffered damages in that medical providers are requiring payment from her directly. Plaintiff is entitled to all equitable remedies available under ERISA including but not limited to, surcharge, restitution and the like.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against all Defendants as follows:

(a) Ordering Defendants to pay all past-due benefits owed under the terms of the Plan;

(b) Awarding Rose attorneys' fees under 29 U.S.C. §1132(g)(1), court costs and all other reasonable costs incurred; and

(f) Awarding such other and further legal or equitable remedy or relief as the Court may deem just and proper.

Dated: New York, New York
August 25, 2026

**MORRISON COHEN LLP**

By: /s/ Christopher Milito
Christopher Milito
Federal Bar Number CM3563
909 Third Avenue, 27th Floor
New York, NY 10022-4784
(212) 735-8600
cmilito@morrisoncohen.com

**HOLIFIELD & JANICH, PLLC**
Al Holifield, Member
11907 Kingston Pike, Suite 201
Knoxville, Tennessee 37934
(865) 566-0115
*Pro Hac Vice Forthcoming*